UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY FRITHIOF SUNDBERG,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>JANINE WALLACE, Executive Director, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 3:23-cv-01155-RBM-DDL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL [Dkt. No. 2];**<br><br>**and**<br><br>**(2) REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254) AND SETTING BRIEFING SCHEDULE** |

Petitioner Kelly Frithiof Sundberg ("Sundberg" or "Petitioner"), who is currently in the custody of Patton State Hospital[1] and is proceeding pro se, has paid the $5.00 filing fee and filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

///

---

[1] Based on a previous petition filed by Petitioner, it appears Petitioner was found "not guilty by reason of insanity" in criminal proceedings which took place in San Diego Superior Court in 1999 and has been confined at Patton State Hospital since that time. *See* Dkt. No.1 at 2; *see also Sundberg v. Oreol*, S.D. Cal. Civil Case No. 3:16-cv-03127-WQH-AGS, Dkt. No. 1.

## MOTION TO APPOINT COUNSEL

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. At this point in the proceedings, there has been no request for an evidentiary hearing or a determination that an evidentiary hearing is necessary and thus the decision whether to appoint counsel is discretionary.

"In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728-29. However, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights [and] [t]he district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)).

The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an Answer or other responsive pleading to the Petition. Thus,

Sundberg has sufficiently represented himself to date. Moreover, it is too early in the proceedings for the Court to determine whether Sundberg has any likelihood of success on the merits. Accordingly, the Court finds the interests of justice do not warrant the appointment of counsel in this case at this time, and the Court **DENIES** Sundberg's motion for appointment of counsel without prejudice.

## ORDER REQUIRING RESPONSE

The Court has conducted a preliminary review of the Petition. In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **IT IS ORDERED** that:

1. The Clerk of this Court must promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. Respondent must file a "Notice of Appearance" **no later than July 31, 2023**.

3. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases **no later than September 15, 2023**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[2] At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's

---

[2] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

4. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion **no later than <u>October 16, 2023</u>**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

5. Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

6. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases **no later than <u>September 15, 2023</u>**.  At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of lodgment which must be captioned "**<u>Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office</u>**."  Respondent must not combine separate pleadings, orders, or other items into a combined lodgment entry.  Each item must be numbered separately and sequentially.

7. Petitioner may file a traverse to matters raised in the answer **no later than <u>October 16, 2023</u>**.  Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of

good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

11. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: July 12, 2023

_____
Honorable David D. Leshner
United States Magistrate Judge