UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY FRITHIOF SUNDBERG,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>JANINE WALLACE, Executive Director, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 23-cv-1155-RBM-DDL<br><br>**ORDER:**<br><br>(1) **DENYING AS MOOT PETITIONER'S NOTICE OF HOLD;**<br><br>(2) **SETTING AMENDED BRIEFING SCHEDULE ON HABEAS PETITION;**<br><br>and<br><br>(3) **DENYING PETITIONER'S SECOND MOTION TO APPOINT COUNSEL**<br><br>[Dkt. Nos. 6, 11] |

### Petitioner's Notice of Hold (Dkt. No. 6)

On August 1, 2023, Petitioner Kelly Frithiof Sundberg ("Petitioner") filed a document captioned "Notice of Hold" [Dkt. No. 6] ("Notice") wherein Petitioner states that an attorney advised him that the petition for writ of habeas corpus ("Petition") in the instant matter "should be placed on hold until the matter is resolved, first in the higher court." Dkt. No. 6 at 1. Petitioner references Case No. 23-5025 pending before the

Supreme Court of the United States, which is a petition for a writ of certiorari seeking review of a decision issued by the California Court of Appeal, Fourth Appellate District ("Court of Appeal"), on February 17, 2023 (Case No. D080500). Based on the information provided, the Court construed the Notice as a request to stay proceedings in the instant matter pending resolution of the Supreme Court case. *See* Dkt. No. 7.

On August 30, 2023, pursuant to this Court's Order, Respondents filed a response opposing Petitioner's Notice and detailing the procedural history and other information regarding the Supreme Court case. Dkt. No. 8. Respondents noted that Petitioner's petition pending before the Supreme Court "is scheduled for consideration on September 26, 2023." *Id.* at 2.

On October 2, 2023, the Supreme Court denied the petition. Because the sole ground Petitioner asserted in support of his request for a stay of the instant matter is no longer at issue, the relief requested in the Notice of Hold is **DENIED AS MOOT**.

### Order Setting Amended Briefing Schedule on Habeas Petition

The Court previously ordered Respondents to file a response to the Petition by September 15, 2023, and ordered Petitioner to file an opposition or traverse by October 16, 2023. Dkt. No. 4. The Court hereby **AMENDS** the briefing schedule as follows:

1. Respondent shall file a motion to dismiss or an answer by not later than **October 23, 2023**.
2. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion by not later than **November 13, 2023**.
3. If Respondent files an answer, Petitioner may file a traverse to matters raised in the answer by not later than **November 13, 2023**.

All other directives and orders set forth in the Order at Dkt. No. 4 remain unchanged.

### Petitioner's Second Motion to Appoint Counsel (Dkt. No. 11)

"In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).  In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728-29 (9th Cir. 1986).  However, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights [and] [t]he district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel."  *Knaubert*, 791 F.2d at 729 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)).

On September 19, 2023, Petitioner filed his second motion to appoint counsel.  Dkt. No. 11; *see* Dkt. No. 2.  This Court denied Petitioner's first motion to appoint counsel on the grounds that (a) Petitioner has sufficiently represented himself to date based on the finding that his Petition was sufficient to warrant this Court's order directing Respondents to file a response to the Petition, and (b) it was too early in the proceedings to determine Petitioner's likelihood of success on the merits.  Dkt. No. 4 at 2-3.

The Court reaffirms its finding that Petitioner has sufficiently represented himself to date.  Moreover, the Court concludes that Petitioner is unlikely to succeed on the merits because his Petition, which does not challenge the fact or duration of his confinement and only seeks to compel the Court of Appeal to independently review the record, does not lie "at the core of habeas corpus."  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Dotson*, 544 U.S. at 82) ("Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement.  Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983."); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus.").  Even if the Petition is granted such that the Court of Appeal is compelled to independent review the record, it may still

find that Petitioner is not entitled to conditional release from confinement. Because the relief Petitioner requests does not implicate his release from confinement, the Court concludes that Petitioner is unlikely to succeed on the merits. Accordingly, Petitioner's second motion to appoint counsel is **DENIED**.

      **IT IS SO ORDERED.**

Dated:  October 3, 2023

*David Leshner*
_____
Hon. David D. Leshner
United States Magistrate Judge